IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**JAIRON JOSE CALDERON,**

      **Petitioner,**

v.                                          Case No. 1:16-cv-04508

**BARBARA RICKARD, Warden,**
**FCI McDowell,**[1]

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### BACKGROUND AND PETITIONER'S CLAIMS

#### A.    The petitioner's conviction and direct appeal.

On May 24, 2011, the petitioner pled guilty, pursuant to a written plea agreement, in the United States District Court for the Southern District of Florida to one count of

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

conspiracy to commit Hobbs Act Robbery (that is, conspiracy to interfere with commerce by threats or violence (robbery)), in violation of 18 U.S.C. § 1951(a) (Count One), one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count Three), and possessing a firearm in furtherance of a drug trafficking crime or a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Five). *United States v. Calderon*, No. 1:11-cr-20110-MGC, ECF No. 82 (S.D. Fla. May 24, 2011). On July 27, 2011, the petitioner was sentenced to 120 months in prison on Counts One and Three and a consecutive 60-month sentence on Count Five. *United States v. Calderon*, No. 1:11-cr-20110, ECF No. 126 (S.D. Fla. Jul. 27, 2011). The petitioner's judgment was affirmed on appeal. *United States v. Calderon*, No. 11-13576 (11th Cir. May 1, 2012) (unpublished).

      **B.**    **The petitioner's section 2255 motion.**

On December 3, 2012, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (*Id.*, ECF No. 248) (also docketed in Case No. 1:12-cv-24259). The section 2255 motion asserted various claims of ineffective assistance of counsel, a claim concerning the voluntariness of the petitioner's guilty plea, a claim concerning alleged government misconduct, and a claim of actual innocence concerning Counts Three and Five. (*Id.*) On November 27, 2013, the Florida District Court denied the petitioner's section 2255 motion and denied a certificate of appealability. (*Id.*, ECF No. 253). On April 16, 2014, the United States Court of Appeals for the Eleventh Circuit also denied a certificate of appealability and dismissed the petitioner's appeal. *Calderon v. United States*, No. 13-15763 (11th Cir. Apr. 16, 2014).

On April 11, 2016, the petitioner filed an "Emergency Application for Leave to File Successive Motion to Vacate Sentence," based on the Supreme Court's Ruling in *Johnson*

*v. United States*, 135 S. Ct. 2551 (2015), which was denied by the United States Court of Appeals for the Eleventh Circuit on May 3, 2016. *In re Jairon Jose Calderon*, No. 16-11609 (11th Cir. May 3, 2016) (unpublished). The Eleventh Circuit's decision stated in pertinent part:

> Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced to an additional term of imprisonment of at least five years. 18 U.S.C. § 924(c)(1)(A)(i). One of § 924(c)'s definitions of "violent felony" [sic; "crime of violence"] is nearly identical to the definition invalidated in *Johnson*. However, Calderon was not convicted of using a firearm in relation to a "crime of violence." Rather, he was convicted of possessing a firearm in furtherance of a drug trafficking crime. Calderon does not explain why *Johnson* would apply to § 924(c)'s definition of a drug trafficking crime. As such, Calderon's application for leave to file a second or successive motion is hereby DENIED.

*Id.* at 2-3.

### C. The petitioner's present section 2241 petition.

On April 29, 2016, the petitioner filed the instant section 2241 petition (ECF No. 1), with an accompanying Memorandum (ECF No. 2), essentially repeating his *Johnson* claim and asserting that his conviction under section 924(c) should be reversed and that charge dismissed because his underlying crime of conspiracy to commit Hobbs Act robbery is not a crime of violence. Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

The petitioner's claims clearly challenge the validity of his conviction, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the

primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Southern District of Florida. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, as noted in the procedural history, the petitioner was previously denied section 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit

has established a three-factor analysis for making this determination.  The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.  As further noted by the Court in *Rice v. Rivera*:

> In short, under the *Jones* rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of such a change in the applicable law.  If, conversely, the prisoner has an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010).

As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255.  Thus, the fact that the petitioner has already unsuccessfully filed a section 2255 motion, and has been denied authorization to file a second or successive section 2255 motion, does not make section 2255 inadequate or ineffective to test the legality of his detention and will not permit this court to review his claims under section 2241.

Furthermore, the petitioner cannot satisfy the criteria of the savings clause.  As his claim for relief under *Johnson* is unavailing, the petitioner cannot demonstrate that there has been an intervening change in substantive law that retroactively renders his conduct non-criminal.  In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and, thus, a sentence enhanced thereunder violates the Due Process Clause of the Fifth

Amendment. The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as "a crime punishable ... by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" 18 U.S.C. § 924(e)(2)(B) (Emphasis added). The emphasized portion of this definition is known as the Act's "residual clause," which is the portion of the statute that was invalidated in *Johnson*.

The petitioner was not sentenced under the ACCA; however, he asserts that the decision in *Johnson* extends to the "residual clause" contained in section 924(c)(3)(B), and that his underlying crime does not otherwise meet the definition of a crime of violence under section 924(c)(3)(A). Nevertheless, even if the holding in *Johnson* extends to section 924(c), it has no effect on the definition of a drug trafficking crime under either the ACCA or section 924(c). Because the petitioner was convicted of a drug trafficking crime, in addition to his Hobbs Act conspiracy count, his section 924(c) conviction is still valid and *Johnson* does not affect his case. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *United States v. Richardson*, 653 F. App'x 209, 210 n.\* (4th Cir. 2016); *United States v. Jackson*, 953 F.2d 640 (4th Cir. 1994); *United States v. Clark*, 998 F.2d 1010 (4th Cir. 1993) (a charge of conspiracy under 21 U.S.C. § 846 is a proper predicate for a § 924(c) offense). Thus, the petitioner cannot satisfy the *Jones* criteria for review of this claim under the savings clause.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

Moreover, while this court could construe the petitioner's petition as an improperly filed section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would likely be another unauthorized second or successive motion. It further appears that the petitioner would not be entitled to any collateral relief on his claims. Therefore, treating the present petition as a section 2255 motion and transferring it to the court of conviction would be futile.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this

Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

March 16, 2017

Dwane L. Tinsley
United States Magistrate Judge

8